```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                     JACKSON DIVISION
```

WILLIE MACK

VS.                            CRIMINAL NO. 3:03CR145TSL-JCS
                            CIVIL ACTION NO. 3:07CV191TSL-JCS

CONSTANCE REESE, WARDEN, ET AL.

ORDER

Before the court is the motion of defendant Willie Mack, whereby he purports to seek relief pursuant to both 28 U.S.C. § 2255 and 28 U.S.C. § 2241.  Having reviewed the motion, the court finds, for the reasons which follow, that the motion is due to be dismissed.

On September 25, 2003, the grand jury returned a six-count indictment, charging Mack and three others with various violations of 21 U.S.C. § 841(a), distribution of a Schedule II narcotic drug controlled substance.  Count one of the indictment charged that Mack, together with his three-named co-defendants and "others known and unknown to the grand jury", had committed conspiracy to distribute cocaine.  On February 27, 2004, Mack pled guilty to count 5 of the indictment, pursuant to a written plea agreement with the government whereby he specifically waived his right to appeal his conviction or seek relief pursuant to a § 2255 motion.  On May 27, 2004, the court sentenced Mack to a thirty-nine month term of imprisonment with a three-year term of supervised release.  On June 1, 2004, the court entered its

judgment and the record reflects that no appeal was taken.

Thereafter, on June 5, 2006, the court issued an arrest warrant for Mack related to allegations that he had violated the terms of his supervised release. On June 29, 2006, Mack again appeared before the court. At this time, the court found him to have violated the terms of supervised release and ordered him to serve an additional fifteen months in the custody of the Bureau of Prisons. On July 10, 2006, the court entered judgment on the revocation.

On April 5, 2007, Mack filed his current petition purporting to seek relief pursuant to both § 2255 and § 2241. The document sets forth two "grounds" for relief. By the first ground, Mack contends that the 2003 indictment against him was defective because it fails to specifically state the names of the "other" co-conspirators known to the grand jury. By ground two, Mack contends that he was subject to an unreasonable search and seizure by the guards at the federal prison where he is housed. He further maintains that during this illegal search, the guards found marijuana and he was, eventually, wrongfully found to have committed a rule violation, for which he was placed in the special housing unit (shu). He seeks to be released from shu, released from prison and given "other just compensation" as the court deems appropriate.

It is well-established that "[s]ection 2255, not section 2241, is the proper means of attacking errors that occurred

during or before sentencing." Ojo v. Immigration and Naturalization Service, 106 F.3d 680, 683 (5th Cir.1997) (citing Cox v. Warden, Fed. Detention Ctr., 911 F.2d 1111, 1113 (5th Cir.1990). On the other hand, § 2241 is the vehicle by which "[a] petitioner may attack the manner in which his sentence is being executed in the district court with jurisdiction over his custodian pursuant to 28 U.S.C. § 2241. United States v. Cleto, 956 F.2d 83, 84 (5th Cir.1992). Additionally, a plaintiff seeking monetary damages against federal employees may institute a civil action pursuant to the theory of Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971) (allowing claims for damages against federal employees for violation of constitutional rights).

Here, it is clear that the issue raised by ground one may be the proper subject of a § 2255 motion and inasmuch as a § 2255 motion is deemed to be a continuation of the criminal action, Mack is entitled to file the motion without paying additional filing fees. It is equally clear that Mack's § 2255 motion challenging the 2004 judgment against him is both time-barred by § 2255's one-year statute of limitation and prohibited under the express terms of his plea agreement. Accordingly, the court concludes, pursuant to Rule 4(b) of the Rules Governing § 2255 Proceedings, that Mack is not entitled to relief and that his motion should be dismissed with prejudice.

Further, to the extent that by ground two, Mack seeks either

habeas relief pursuant to § 2241 or monetary damages, he is not entitled to maintain either of these claims in this proceeding, but rather must separately bring the appropriate action and either pay the requisite filing fee or file a motion seeking <u>in forma pauperis</u> status.  Accordingly, these putative claims will be dismissed without prejudice.

Based on the foregoing, it is ordered that Mack's § 2255 motion is dismissed with prejudice and that any other claims are dismissed without prejudice.

SO ORDERED, this the 19th day of April, 2007.


_____/s/ Tom S. Lee_____
        UNITED STATES DISTRICT JUDGE